

Karen E. Keller
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0702 - Direct
kkeller@shawkeller.com

December 3, 2018

**BY CM/ECF & HAND DELIVERY**
The Honorable Maryellen Noreika
United States District Court
844 N. King Street
Wilmington, DE 19801

  Re: *Intuitive Surgical, Inc., et al. v. Auris Health, Inc.*, C.A. No. 18-1359-MN

Dear Judge Noreika:

  In this patent infringement action, Plaintiffs Intuitive Surgical, Inc., and Intuitive Surgical Operations, Inc. ("Intuitive") request limited expedited discovery related to the issues raised in Defendant Auris Health, Inc.'s ("Auris") Motion to Transfer Venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a) (D.I. 14 ("Mot. to Trans.")), prior to submitting an opposition brief.  In its moving papers, Auris included incomplete declarations suggesting it had no contacts with Delaware.  This discovery dispute arises because Auris has refused to agree to limited discovery allowing Intuitive to test the incomplete facts in these declarations, apparently contending the Court should accept its position on faith.  Several holes exist in Auris's submission that Intuitive's proposed limited discovery will fill.  For example, one of Auris's declarants asserts that Auris had not completed a sale of its product in Delaware but did not say whether any sales activities were in process.  Styka Decl. ¶ 3, D.I. 18.  Intuitive has good reason to believe such activities have occurred.  As a result, Intuitive seeks limited discovery of documents and testimony to identify all contacts Auris has with Delaware and its surrounding states to dispel Auris's proposed inference that no such contacts exist.

1. **Limited Venue Discovery Will Assist the Court in Resolving Auris's Transfer Motion**

  Intuitive is a leader in minimally invasive robotic-assisted surgery and has to date launched robotic-assisted surgical systems, the da Vinci® Systems, that it sells nationwide, including in Delaware.  Compl. ¶¶ 2, 5, D.I. 1.  Auris has developed and recently launched a robotic surgical system, the Monarch Platform, which competes directly with the da Vinci® Systems, and infringes many of Intuitive's patents.  *Id.*, ¶¶ 18, 23.

  All parties to this action are Delaware corporations.  *Id.*, ¶¶ 11–13; Mem. Supp. Mot. to Trans. at 1, D.I. 15.  Intuitive selected the Delaware District Court for this reason, and several others that the proposed discovery will confirm.  "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail."  *In re Mobile Telecomms. Techs., LLC*, 243 F. Supp. 3d 478, 483 (D. Del. 2017) (Stark, J.) (quoting *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d.565, 567–68 (D. Del. 2001)); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  "The deference afforded a plaintiff's choice of forum will ordinarily apply as long as a plaintiff has selected the forum for some legitimate reason."  *In re Mobile Telecomms. Techs.*,

*LLC*, 243 F. Supp. 3d at 483 (citing *Medtronic, Inc. v. Boston Sci. Corp.*, 587 F. Supp. 2d 648, 654 (D. Del. 2008)). Courts in this District have generally denied transfer motions "so long as at least two evidentiary bases are established: defendant is a Delaware corporation or limited liability company (i.e., it has accepted the benefits of organizing under the laws of the State of Delaware), and it does business on a national scale, including in Delaware." *Godo Kaisha IP Bridge 1 v. Omnivision Techs., Inc.*, 246 F. Supp. 3d 1001, 1004 (D. Del. 2017). Auris's Motion to Transfer at 4, ignores the Delaware corporation situs, and instead seeks to focus the Court on its lack of other contacts with Delaware, relying on factual assertions that should be tested by the proposed discovery. To the extent this Court is inclined to consider Auris's incomplete factual assertions, Intuitive respectfully seeks leave to take discovery to present an accurate view of Auris's Delaware and surrounding contacts.

The Third Circuit has approved allowing the parties an opportunity to complete limited discovery prior to deciding a transfer motion. *See, e.g.*, *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970). *See also Devicor Med. Prods., Inc. v. Biopsy Scis., LLC*, C.A. No. 10-0106-GMS, 2013 WL 486638, at *6 (D. Del. Feb. 7, 2013) (ordering defendant's motion to dismiss or transfer in abeyance and granting plaintiff's request for discovery). Limited discovery is appropriate here to test the accuracy and completeness of the assertions made in the declarations submitted by Auris, including the location of (1) Auris's planned and actual sales activities, (2) the testing of the accused Monarch Platform by physicians and other medical health professionals, and (3) Auris's partners and potential partners for the accused Monarch Platform.

Auris's declarants tiptoe around Auris's direct contacts with Delaware and its surrounding states. While Auris claims that it has made no sales of the Monarch Platform in Delaware to date, it was only recently launched. In support of its transfer motion, Auris submitted a brief declaration from David Styka, its Chief Financial Officer. Styka Decl., D.I. 18. Mr. Styka states that Auris currently "has received purchase orders for nine Monarch Platforms," and "shipped three of those systems." *See id*. ¶ 3. While Mr. Styka asserts that Auris has not sold any Monarch Platforms in Delaware, *id*., he says nothing about whether Auris has tried to make such sales or whether such sales are pending, whether Auris has already offered the Monarch Platform for sale in Delaware, whether it is in discussions with entities in Delaware about potential sales, or whether any of Auris's customers are within 100 miles of the Court. Based on its search of public records to date, Intuitive believes at least one of three Monarch Platforms that Auris has "shipped" is now in use at Fox Chase Cancer Center in Philadelphia, Pennsylvania, within 100 miles of this Court. Ex. 1. Another appears to be located at UPMC Hamot, in Erie, Pennsylvania. Ex. 2. Discovery should be allowed to ferret out these details that Auris's declarants fail to provide. Intuitive believes Auris has substantial contacts with Delaware and its surrounding areas that it avoids disclosing in its motion.

For example, while Auris's declarants assert that Auris has not succeeded in hiring staff in Delaware, they don't say that Auris is not actively recruiting personnel in or near Delaware. Such activity would constitute relevant significant contacts, about which Intuitive should be allowed to take discovery. According to Kathryn Shen, Auris's Vice President of People & Culture, "[t]o the best of [her] knowledge, none of Auris's employees or consultants is located in the state of Delaware or within 100 miles of the United States District Court for the District of Delaware." Shen Decl. ¶ 4, D.I. 17. However, Ms. Shen provides no information about Auris's ongoing efforts to expand its work force. *See id*. Indeed, Ms. Shen failed to disclose that Auris is apparently trying to hire a Field Service Engineer for several cities on the East Coast, including in Philadelphia,

which is within 100 miles of this Court. Ex. 3. Intuitive should be able to test Ms. Shen's testimony to determine what other positions are or will be available within the vicinity of this Court as well.

Auris's motion and supporting declarations are similarly silent as to the location of the various medical centers to which Auris has provided the Monarch System for testing purposes. Based on public information, Intuitive believes that several of these medical centers are significantly closer to Delaware than to California, and some may fall within the subpoena power of the Court. For example, the Monarch Platform appears to be in use (or will soon be in use) at the Cleveland Clinic in Cleveland Ohio, Innova Fairfax Hospital in Falls Church, Virginia, and Medical University of South Carolina in Charleston, South Carolina. Ex. 4. Intuitive should be able to test whether there are other such locations.

Further, Auris provides scant information about whether it has development and sales partners for the accused Monarch Platform in or near Delaware. For example, Ms. Shen states that "certain robotic arms that were developed in coordination with a company located in Canada," but does not identify the company or provide its location, and thus it is unclear whether California or Delaware would be a more convenient forum for those witnesses. *See* Shen Decl. ¶ 5. And Ms. Shen does not disclose in her declaration that Auris has signed a cooperative development and commercialization deal with Wisconsin-based NeuWave Medical. Ex. 5. The limited venue discovery requested will uncover the identity and location of all of Auris's development and sales partners, not just the ones that Ms. Shen chose to identify in her declaration.

### 2. The Discovery Requested Is Narrowly Tailored and Will Not Cause Substantial Delay

Intuitive has proposed narrow, focused document requests and deposition topics specifically limited to the venue issues raised in Auris's transfer motion.[1] *See* Attachments A & B. In addition to a Rule 30(b)(6) deposition, Intuitive requests 2-hour depositions of Auris's two declarants, Mr. Styka and Ms. Shen, regarding their declarations.

Intuitive can proceed on any reasonable discovery schedule preferred by Auris and the Court. Intuitive proposes the following schedule:

| Event | Date |
|---|---|
| Intuitive serves venue discovery requests, Attachments A & B | Friday, December 7, 2018 |
| Auris serves written objections/responses | Monday, December 17, 2018 |
| Auris completes document production | Friday, December 21, 2018 |
| Depositions completed | Friday, January 4, 2019 |
| Intuitive files opposition brief | Friday, January 11, 2019 |

---

[1] Intuitive asked Auris to agree to its limited venue discovery requests by email on November 1–2, 2018. *See* Ex. 6. The parties met and conferred by telephone on November 5, 2018. *Id.* During that call, Auris rejected Intuitive's request for expedited venue discovery.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc: Clerk of the Court (via hand delivery)
All Counsel of Record (via CM/ECF)