IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTUITIVE SURGICAL, INC. and<br>INTUITIVE SURGICAL OPERATIONS,<br>INC., <br><br>      Plaintiffs, <br><br>  v. <br><br>AURIS HEALTH, INC., <br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 18-1359-MN<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR REARGUMENT**
**REGARDING MARCH 11, 2019 SCHEDULING ORDER**

|  |  |
|---|---|
|  | Karen E. Keller (No. 4489) |
|  | David M. Fry (No. 5486) |
|  | SHAW KELLER LLP |
|  | I.M. Pei Building |
|  | 1105 North Market Street, 12th Floor |
|  | Wilmington, DE 19801 |
| OF COUNSEL: | (302) 298-0700 |
| Daralyn J. Durie | kkeller@shawkeller.com |
| Sonal N. Mehta | dfry@shawkeller.com |
| Laura E. Miller | *Attorneys for Plaintiffs* |
| Vera Ranieri |  |
| Eneda Hoxha |  |
| DURIE TANGRI LLP |  |
| 217 Leidesdorff Street |  |
| San Francisco, CA 94111 |  |
| (415) 362-6666 |  |

Dated: March 15, 2019

**I.      INTRODUCTION**

Plaintiffs Intuitive Surgical, Inc. and Intuitive Surgical Operations, Inc. ("Intuitive"), respectfully move for reargument of the Court's March 1, 2019 Oral Order (D.I. 40) and March 11, 2019 Scheduling Order (D.I. 42), pursuant to Local Rule 7.1.5(a).  Specifically, Intuitive requests the opportunity to present argument and be heard—for the first time—on the election of claims and prior art.  Pursuant to Local Rule 7.1.1, the parties made a reasonable effort to resolve the matters set forth in this motion, but were unable to reach agreement.

This patent infringement lawsuit includes *eight* patents containing a total of *251* claims, covering a broad range of technology related to the field of minimally invasive robotic-assisted surgery.  For more than 20 years, Intuitive has made substantial contributions to the field, first through its da Vinci Surgical System® and now with its new robotic platform, Ion$^{TM}$.  Auris Health, Inc. ("Auris") recently entered the market with the infringing Monarch Endoscopy Platform (the "Monarch Platform"), which competes directly with Intuitive's robotic platforms. The asserted patents cover distinct aspects of the Monarch Platform, including its mechanical elements, navigation system, and control system.

Under the Court's March 11, 2019 Scheduling Order, at this early stage of this case, well before claim construction, Intuitive must eliminate nearly 90% of the potential claims it might otherwise assert.  While Intuitive does not anticipate bringing even a small fraction of these 251 claims to a jury, this early-stage order compelling Intuitive to now select approximately 10% of these claims should be reconsidered.  Due process requires that parties have notice and an opportunity to be heard before parts of their case have been effectively dismissed.  The Seventh Amendment assures parties of a right to a jury trial.  The Scheduling Order impacts both.

Notwithstanding these Constitutional protections, the Scheduling Order does not provide sufficient time for Intuitive to obtain and review the discovery it needs to make an informed

decision on the election of claims. The initial election is scheduled to occur just three months after Intuitive receives Auris's core technical documents and just one month after Auris serves its invalidity contentions. Auris only recently began selling the Monarch Platform and there is little public documentation about the underlying technology. Intuitive will need time to review Auris's technical documents, consult with its experts, and take discovery in order to make a reasoned election of claims.

For these reasons, as fully set forth below, Intuitive asks that the Court reconsider the Scheduling Order and remove Paragraph 15 concerning the election of claims and prior art. In the alternative, if the Court is inclined to set a schedule for the election of claims now despite the impact on Intuitive's constitutional rights, Intuitive requests that the Court modify the Scheduling Order such that the deadline for the initial election of claims and prior art references follows the substantial completion of document production and raises the limit to 50 claims total.

## II.     NATURE AND STAGE OF PROCEEDINGS

Using the Court's default scheduling order for patent cases, Intuitive provided Auris with a set of proposed dates for the litigation in advance of the parties' Rule 26(f) Conference. Ex. 1. Auris responded with a redlined counter-proposal that introduced a new paragraph, not contained in the Court's default scheduling order, regarding the election of claims and prior art. Ex. 2. Auris proposed an election of claims and defenses, which if ordered would impact Intuitive's constitutional rights by requiring Intuitive to drop distinct legal interests:

> Not later than 7 days before the exchange of the list of those claim term(s)/phrase(s) that each party believes need construction, Plaintiffs shall serve a Preliminary Election of Asserted Claims, which shall assert no more than 7 claims from each patent and not more than a total of 32 claims. Not later than 14 days after service of the Preliminary Election of Asserted Claims, Defendants shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than 12 prior references against each patent and not more than a total of 70 references.

> By the date that Plaintiffs' provide final infringement contentions, Plaintiffs shall serve a Final Election of Asserted Claims, which shall assert no more than 4 claims from the 7 claims previously identified and not more than a total of 20 claims. By the date that Plaintiffs' provide final invalidity contentions, Defendants shall serve a Final Election of Asserted Prior Art, which shall assert nor more than 8 prior references from among the 12 prior art references previously identified for that a particular patent and no more than a total of 40 prior art references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

Ex. 2 at 11–12.

At the Rule 26(f) Conference, on February 19, 2019, Intuitive explained that it disagreed with Auris's proposal. Miller Decl. ¶¶ 2–3. The parties submitted a joint proposed order to the Court on February 25, 2019. D.I. 37. Consistent with this Court's practice, this joint submission merely set forth the parties' positions. Regarding Auris's section urging claim reduction, and in keeping with the Court's requirement that argument is not allowed, Intuitive responded as follows: "Intuitive does not agree that it is appropriate to deviate from the Court's default scheduling order and set a schedule for the election of claims and prior art references at this time. Intuitive is not in a position to discuss narrowing the case before it has had the opportunity to review the parties' initial contention and prior to the commencement of claim construction." D.I. 37 at 11–12.

On March 1, 2019, the Court issued an oral order adopting Auris's proposal for the election of claims and prior art without further argument or briefing. D.I. 40.

## III. ARGUMENT

### A. Legal Standard

Intuitive understands that motions for reargument must overcome a high barrier and are rarely granted. Here, however, Intuitive was not provided the opportunity to offer argument on this issue in the first instance, and the Court's order implicates Intuitive's due process rights.

3

The principles for a motion for reargument under Local Rule 7.1.5 are as follows:

> 1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order, 2) the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality; 3) grant of the reargument motion can only occur in one of three circumstances: a) where the Court has patently misunderstood a party, b) where the Court has made a decision outside the adversarial issues presented to the Court by the parties, or c) where the Court has made an error not of reasoning but of apprehension; and 4) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless new factual matters not previously obtainable have been discovered since the issue was submitted to the Court.

*Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citations and internal quotes omitted).

### B. Intuitive's Due Process Rights and Its Right to a Jury Trial Have Been Impacted by the Scheduling Order.

While Intuitive brings this motion as a request for reargument, the procedural posture here is that Intuitive has not had *any* opportunity to present its case to the Court related to the order compelling it to reduce its claims. The process for submitting a joint proposed scheduling order does not allow for any argument or briefing, and the Court did not hold a hearing prior to issuing the March 1, 2019 Oral Order. Because of this, the Court's order necessarily reached issues that were "outside the adversarial issues presented to the Court by the parties[.]" *Schering*, 25 F. Supp. 2d at 295. Notwithstanding the arguments below concerning its substantive due process rights and its Seventh Amendment right to a jury trial, Intuitive respectfully requests rehearing to fully explain to the Court the problems with an order reducing the asserted claims at this point in the case.

First, the case is too complex for such an early limitation. The eight patents in this case broadly cover a wide range of distinct innovations in the field of minimally invasive robotic-

assisted surgery.  They cover the mechanical movement of the robotic system, sensor capabilities, navigation and control systems, and the surgical instruments that interact with the patient.  *See* D.I. 1, Attachments A–H.  The case must be allowed to develop before claim limitation is explored.  Second, claim construction will inevitably impact the selection of which claims will proceed to trial.  Third, the accused device is new to the market, requiring Intuitive to perform substantial discovery that also may impact which claims are tried.   Fourth, Auris's future technical document production will reveal the details of the accused products, which will inform Intuitive which claims are the best to assert.  That production has yet to begin.

The eight asserted patents include a total of 251 claims.  The Scheduling Order requiring an election of just 32 of these claims requires Intuitive to forego unique legal theories in violation of its substantive due process rights, and impacts its Seventh Amendment right to have a jury decide whether Auris infringes these claims.  *Nuance Commc'ns, Inc. v. ABBYY USA Software House, Inc.*, 813 F.3d 1368, 1376 (Fed. Cir. 2016) (discussing *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311–13 (Fed. Cir. 2011)).

Indeed, the timing of the election of the claims in the Scheduling Order unfairly requires Intuitive to slash the number of claims at issue before it has the opportunity to conduct the discovery necessary to make an informed decision as to which claims to elect.  Auris' deadline for producing its core technical is April 1, 2019.  Intuitive will need to study these documents in consultation with Intuitive's experts, and potentially seek follow-on discovery.  Under the current Scheduling Order, however, Intuitive is required to limit its asserted claims by close to 90% just three months after it receives Auris's core technical documents, and months before the substantial completion of document production.  D.I. 42.  Respectfully, claim limitation to this degree at this juncture is not appropriate.

### C. Proposed Modification to Scheduling Order

Intuitive believes that it is premature and a due process violation to require Intuitive elect a narrow set of claims at this stage of the case, and requests that the Court modify the March 11, 2019 Scheduling Order to remove paragraph 15 regarding the election of claims and prior art. But if the Court remains inclined to set the election of claims and prior art now, Intuitive makes the following proposal:

> Not later than 7 days after the deadline for substantial completion of document production, Plaintiffs shall serve a Preliminary Election of Asserted Claims, which shall assert no more than a total of 50 claims. Not later than 7 days after Plaintiffs serve the Preliminary Election of Asserted Claims, Defendants shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than a total of 50 references.
>
> By the date that Plaintiffs' provide final infringement contentions, Plaintiffs shall serve a Final Election of Asserted Claims, which shall assert no more than a total of 35 claims. By the date that Plaintiffs' provide final invalidity contentions, Defendants shall serve a Final Election of Asserted Prior Art, which shall assert no more than a total of 35 prior art references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

This proposal provides additional time for the parties to conduct discovery and engage in the claim construction process prior to the election of claims and prior art references. It further sets more realistic limits on the number of asserted claims in light of the breadth of the patented technology and Auris's infringement. Given that some patents have just a few claims while others have over 50 claims, a limit on the total number of claims without a per-patent limit is more appropriate here. Finally, this proposal treats the parties equally by setting the same limits on claims and prior art references.

### IV. CONCLUSION

For the foregoing reasons, Intuitive requests that the Court grant its motion for reargument.

|  |  |
|---|---|
| | Respectfully submitted, |
| | SHAW KELLER LLP |
| | */s/ David M. Fry* |
| | Karen E. Keller (No. 4489) |
| | David M. Fry (No. 5486) |
| | I.M. Pei Building |
| | 1105 North Market Street, 12th Floor |
| | Wilmington, DE 19801 |
| OF COUNSEL: | (302) 298-0700 |
| Daralyn J. Durie | kkeller@shawkeller.com |
| Sonal N. Mehta | dfry@shawkeller.com |
| Laura E. Miller | *Attorneys for Plaintiffs* |
| Vera Ranieri | |
| Eneda Hoxha | |
| DURIE TANGRI LLP | |
| 217 Leidesdorff Street | |
| San Francisco, CA 94111 | |
| (415) 362-6666 | |

Dated: March 15, 2019