# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTUITIVE SURGICAL, INC. AND INTUITIVE SURGICAL OPERATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AURIS HEALTH, INC., <br><br> Defendant. | ) ) ) ) ) C.A. No. 18-1359-MN ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |

## AURIS HEALTH, INC.'S OPPOSITION TO MOTION FOR REARGUMENT REGARDING MARCH 11, 2019 SCHEDULING ORDER

OF COUNSEL:

Arturo J. González
Michael A. Jacobs
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000
AGonzalez@mofo.com
MJacobs@mofo.com

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant Auris Health, Inc.*

Dated: March 29, 2019

## I. INTRODUCTION

Plaintiffs Intuitive Surgical, Inc. and Intuitive Surgical Operations, Inc.'s (collectively, "Intuitive") Motion for Reargument (D.I. 43, hereafter "Motion" or "Mot.") is procedurally improper. As Intuitive acknowledges, it never raised its due process concerns prior to the scheduling order submission. (Mot. at 4.) The Scheduling Order (D.I. 42) also did not reach issues outside those presented to the Court, and Intuitive has not identified any previously unobtainable evidence that warrants reargument. Intuitive's concerns therefore cannot be the subject of reargument. The Motion should be denied on this basis alone.

Intuitive also cannot meet the high standard for granting reargument, which "should be sparingly granted," and only "when the merits clearly warrant." D. Del. LR 7.1.5; *Schering Corp. v Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). Here, Federal Circuit precedent confirms that claim narrowing does not violate due process. The timing and number of claims allowed are appropriate under the circumstances of this case. Tellingly, in another case before this Court, Intuitive itself proposed a similar case narrowing provision to the one it now argues violates its rights. *Infra* § III.B. The merits therefore do not clearly warrant reargument.

## II. INTUITIVE'S MOTION IS PROCEDURALLY IMPROPER

Intuitive's motion is not an appropriate request for reargument. A motion for reargument must concern matter that "has previously been presented to the court." *Schering*, 25 F. Supp. 2d at 298. Intuitive chose not to put its alternative claim election proposal before the Court in the joint submission, and it is improper to do so for the very first time now under the guise of reargument.

The parties exchanged their scheduling order proposals on February 6 and 16, 2019, held their Rule 26(f) Conference on February 19, 2019 (Decl. of Kelly E. Farnan, filed herewith ("Farnan Decl."), ¶ 2; Miller Decl. (D.I. 44) ¶ 2), and submitted the joint proposed order to the

Court on February 25, 2019 (D.I. 37).  Throughout weeks of meet and confer, Intuitive never once raised concerns that Auris's claim limitation proposal would impact Plaintiffs' due process or Seventh Amendment rights.  (Farnan Decl. ¶ 5.)  Moreover, Intuitive never proposed an alternative to Auris's case narrowing proposal, instead taking the steadfast position that it was inappropriate to set a schedule for claim election.  (*See* Proposed Scheduling Order (D.I. 37) ¶ 13[1].)  Two weeks after the Court's oral order regarding the scheduling order (D.I. 41), on the day any motion for reargument would be due, Intuitive emailed Auris asking to meet and confer.  (Farnan Decl. Ex. A.)  Auris immediately made itself available, but asked Intuitive to send its proposal in advance so that Auris could consider it.  (*Id.*)  In response, Intuitive stated, "[o]ur request to the [C]ourt will be to eliminate Paragraph 15 of the Scheduling Order" without any further explanation.  (*Id.*)  During the meet and confer, Intuitive explained—for the first time—that it believed claim limiting was a due process violation.  (*Id.* ¶ 7.)

"[A] motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless 'new factual matters *not previously obtainable* have been discovered since the issue was submitted to the Court.'"  *Schering*, 25 F. Supp. 2d at 295 (emphasis in original; internal citation omitted).  Intuitive seeks to do just that, but does not—and cannot—identify *any* new, previously unobtainable factual matters that bear on the scheduling order.

Intuitive argues that its motion is proper because the scheduling order "necessarily reached issues that were 'outside the adversarial issues presented to the Court by the parties[.]'" (Mot. at 4 (citing *Schering*, 25 F. Supp. 2d at 295).)  Not so.  This issue was squarely before the Court in the

---

[1] The parties' Proposed Scheduling Order inadvertently includes two distinct paragraph 13s.  The reference cited above is to the paragraph 13 entitled "Hearing on Claim Construction." (D.I. 37 at 11-12.)   All subsequent references herein are to this paragraph.

2

joint submission.  (*See* D.I. 37 ¶ 13.)  In that submission, Intuitive stated its position that no case narrowing was necessary and argued that its proposal should be adopted. Intuitive argued that case narrowing did not appear in the default schedule, and Intuitive would need to review contentions and allow claim construction to occur before even discussing narrowing.  (*Id*.)  Despite this argument, the Court entered an Oral Order following the submission of this Proposed Scheduling Order that adopted "Auris's Position regarding the Election of Claims and Prior Art [D.I. 37 ¶ 13]."  (D.I. 40.)  That Intuitive now wishes to change its strategy and seek a compromise rather than insist that no narrowing is necessary does not give it a license to request reargument.

### III.     INTUITIVE'S SUBSTANTIVE DUE PROCESS RIGHTS ARE NOT VIOLATED

#### A.     The Federal Circuit Has Rejected Global Claims of Impropriety as to Claim Narrowing Requirements

Reargument "should be sparingly granted," and only "when the merits clearly warrant." D. Del. LR 7.1.5; *Schering*, 25 F. Supp. 2d at 295.  The merits do not clearly warrant reargument here, where the Federal Circuit has unequivocally rejected due process arguments similar to Intuitive's.

In *In re Katz Call Processing Patent Litigation*, 639 F.3d 1303 (Fed. Cir. 2011), a case involving multi-district litigation against multiple groups of defendants, the district court ordered Katz to select no more than 40 of the 1,975 total asserted claims per defendant group, and after discovery to narrow further from 40 to 16 claims.  *Katz* at 1309.  Katz was permitted to add new claims if they "raise[d] issues of infringement/validity that [were] not duplicative" of previously selected claims, which Katz did.  *Id*.  Katz argued on appeal that the district court violated Katz's due process rights by denying its motion to sever and stay all non-selected claims.  *Id*. at 1309-10. Upholding the decision, the Federal Circuit agreed with the district court's analysis that Katz "merely state[d] that an order limiting it to 16 claims per defendant group violates due process."

*Id*. at 1312. However, due process is not merely a theoretical concern, the plaintiff must be able to show that it has lost some tangible right. The Federal Circuit rejected Katz's "'all or nothing' argument that the entire claim selection process was flawed from the start" and held that "[t]hat sort of global claim of impropriety is unpersuasive." *Id*. at 1313 (internal citations omitted).

Intuitive's due process argument fails for precisely the same reason. It is a global claim of impropriety that fails to identify any tangible rights Intuitive would lose under the existing scheduling order. Like Katz, Intuitive has "made no effort" to identify any specific claims, "instead complain[ing] that the number of claims the court allowed [is] insufficient." *Id*. at 1312. Intuitive should not, however, be permitted to preserve its ability to assert any and all of its 251 claims up until one week before Auris's claim construction briefing is due. Doing so would be prejudicial to Auris and wasteful of the Court's and the parties' resources. *Id*. at 1313 ("In complex cases, [] the district court 'needs to have broad discretion to administer the proceeding.'"); *see also Straight Path IP Grp., Inc. v. Apple Inc.*, No. C 16-03582 WHA, 2017 U.S. Dist. LEXIS 57126, at *5 (N.D. Cal. Apr. 13, 2017) (noting that "regime in which entire 'portfolios' of patents are hurled at successful lines of products in the hope that somehow, in some way, at least one of the claims will stick" places "enormous" burden on judges and juries, and that "the Federal Circuit has recognized that district judges have case management authority to trim these cases down to manageable size and to reduce the drain on resources."). The Scheduling Order's case narrowing provision is an appropriate use of judicial discretion in managing the case and does not violate Intuitive's due process rights.

### B. The Claim Election Provision Is Reasonable

Intuitive's alternative claim narrowing proposal (Mot. At 6), in addition to belying Intuitive's true motives for filing this Motion, is unnecessary, and the current provision is more appropriate under the circumstances of this case. Intuitive complains that requiring it to initially

4

narrow to about 13% of the total claims (32 claims of 251 total claims) and later to about 8% of the total claims (20 of 251 total claims) impacts its constitutional rights. This level of narrowing, however, is similar to what Intuitive itself argued for in a different case before this Court. (*See* Farnan Decl. Ex. B (Letter Regarding Case Narrowing, D.I. 67, *Ethicon LLC et al. v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS (D. Del. Dec. 19, 2017)) (Intuitive argued that the patent owner in that case should initially narrow to about 17% of the total claims (24 of 145 total claims) and later to about 8% of the total claims (12 of 145 total claims).)

Other than complaining generally that it will need additional time to determine its infringement theories, Intuitive fails to provide any specific reasons why it would take more than three months to determine what claims it wants to assert against *a single accused product*. If it truly needed more time to pursue discovery into the operation of the accused product, then it should diligently be pursuing that discovery. To date, however, Intuitive has only served three interrogatories, none of which sought any information on the operation of the accused product or even identification of people knowledgeable about the accused product.[2] Moreover, Auris produced its core technical documents to Intuitive today, March 29, in advance of the deadline dictated by the Scheduling Order (D.I. 42, ¶8 (b)), which gives Intuitive ample time to determine which claims it should assert.

If due process was truly Intuitive's concern, it would not be proposing a sweeping revision of the case narrowing provision. Intuitive is also seeking to (1) delay initial narrowing until the middle of claim construction (just before Auris's briefing is due), (2) *decrease* prior art references

---

[2] Intuitive's first set of interrogatories sought information regarding (1) when Auris became aware of some of the patents-in-suit, (2) any analysis of some of the patents-in-suit, and (3) a merger that is unrelated to any of the patents-in-suit or the accused product. (Farnan Decl. Ex. C.)

that Auris can rely upon (even though Intuitive wants to *increase* the number of asserted claims by more than 50%), (3) remove per patent limits on asserted claims and prior art references, and (4) reduce the time for Auris to make its initial prior art election after Intuitive makes its initial claim election. It is not proper for Intuitive to propose any of these changes for the first time in a motion for reargument that is supposedly intended to address due process issues.

The Scheduling Order's initial narrowing timeline (just over three months after the core technical document production and in advance of claim construction) is reasonable in light of the scope of this case and in view this Court's repeated recognition of the need to "further significantly reduce the number of claims at issue prior to the claim construction process (in order to make that process more manageable)." Farnan Decl. Ex. D at 2-3 (Order Regarding Case Narrowing, D.I. 68, *Ethicon LLC et al. v. Intuitive Surgical, Inc. et al.*, C.A. No. 17-871-LPS, (D. Del. Jan. 9, 2018)); *see also Id*. Exs. E – G (Memorandum Order, D.I. 368, *Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723-LPS (D. Del. July 28, 2015); First Scheduling Order, D.I. 93, *Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS (D. Del. Oct. 11, 2013) ("Plaintiffs shall reduce the number of claims to 5 per common specification"); Official Tr. of Telephone Conf. held on Sept. 6, 2011, D.I. 105, *Softview, LLC v. Apple, Inc. & AT&T Mobility*, LLC, C.A. No. 10-389-LPS (D. Del. Sept 20, 2011) (narrowing to 20 claims).) Indeed, in *Ethicon*, Intuitive argued for the initial narrowing to occur less than two months after the initial core technical document production, which was also in advance of claim construction. (*See* Farnan Decl. Ex. B.)

Thus, in addition to the procedural impropriety of its request, Intuitive has failed to show why its proposed modifications to the claim election provision are necessary or warranted. District courts have broad discretion to limit patent holders to a reasonable number of claims, and the Court has properly exercised that discretion here. *See, e.g.*, *Fenster Family Patent Holdings, Inc. v.*

*Siemens Med. Solutions USA, Inc.*, No. Civ.A.04-0038-JJF, 2005 U.S. Dist. LEXIS 20788, at *8 (D. Del. Sept. 20, 2005) (finding plaintiff's assertion of 90 claims "unreasonable" and limiting plaintiff to 10 claims). Moreover, Intuitive had complete control over the number of patents and claims to assert in this case. If there are too many claims, that is a result of Intuitive's own strategy decision, not a due process issue.

## IV. CONCLUSION

Intuitive's motion should be denied. The motion is procedurally improper where Intuitive never raised due process in the joint scheduling conferences or submission. And under Federal Circuit law, claim narrowing is not a due process violation. Intuitive's request should therefore be denied.

| | |
|---|---|
| OF COUNSEL:<br><br>Arturo J. González<br>Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: 415.268.7000<br>AGonzalez@mofo.com<br>MJacobs@mofo.com<br><br>Dated: March 29, 2019 |   /s/ Kelly E. Farnan<br>Kelly E. Farnan (#4395)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br><br>*Attorneys for Defendant Auris Health, Inc.* |