IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTUITIVE SURGICAL, INC. and<br>INTUITIVE SURGICAL OPERATIONS, INC., <br><br>           Plaintiffs,<br><br>     v.<br><br>AURIS HEALTH, INC.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 18-1359-MN<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS INTUITIVE SURGICAL, INC. AND INTUITIVE SURGICAL OPERATIONS, INC.'S MOTION TO EXCLUDE AND STRIKE OPINIONS AND TESTIMONY OF AURIS'S EXPERTS, <u>DR. RICHARD HOOPER, DR. RON ALTEROVITZ, AND ELIZABETH DEAN</u>**

Pursuant to Fed. R. Evid. 702 and 703, Fed. R. Civ. P. 26 and 37, and other governing law including *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), Plaintiffs Intuitive Surgical, Inc. and Intuitive Surgical Operations, Inc. ("Intuitive") respectfully move the Court for an order excluding certain opinions and testimony of three of Defendant's ("Auris") experts, Dr. Richard Hooper, Dr. Ron Alterovitz, and Ms. Elizabeth Dean, as unreliable and/or contrary to law. Specifically, Intuitive moves the Court to exclude: (1) Dr. Hooper's testimony that is inconsistent with the Court's construction of the terms "end effector" and "surgical end effector" in U.S. Patent No. 8,142,447 ("the '447 patent") and U.S. Patent No. 6,522,906 ("the '906 patent"), (2) Dr. Alterovitz's testimony that is inconsistent with and narrows the Court's construction of the term "imaging device" in U.S. Patent No. 9,452,276 ("the '276 patent"), (3) Dr. Alterovitz's testimony that relies on specification embodiments, statements in the prosecution history, and inventor testimony to try to narrow the terms in U.S. Patent No. 6,800,056 ("the '056 patent"), (4) Dr.

Hooper's testimony that relies on specification embodiments, prosecution history, and other extrinsic evidence to try to narrow the terms in the '906 and '447 patents, (5) Dr. Hooper's opinion that for claim 2 of the '447 patent, a "single user" must perform each step of the claim, (6) Dr. Hooper's opinion that for claim 2 of the '447 patent, the claim requires an "end effector," and (7) Ms. Dean's reliance on and repetition of J&J witnesses' unverified assertions about standard royalty rates in the industry. The grounds for these motions are set forth in the brief submitted herewith.

      A proposed Order is attached.

|  |  |
|---|---|
| OF COUNSEL:<br>Daralyn J. Durie<br>Vera Ranieri<br>Eneda Hoxha<br>Eric C. Wiener<br>DURIE TANGRI LLP<br>217 Leidesdorff Street<br>San Francisco, CA 94111<br>(415) 362-6666<br><br>Frank A. DeCosta, III<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>901 New Yorke Ave.<br>Washington, DC 20001<br>(202) 408-4039<br>Jacob A. Schroeder<br>Arpita Bhattacharyya<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>3300 Hillview Avenue, 2nd Floor<br>Pala Alto, CA 94304<br>(650) 849-6600 | /s/ Karen E. Keller<br>Karen E. Keller (No. 4489)<br>David M. Fry (No. 5486)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>dfry@shawkeller.com<br>*Attorneys for Plaintiffs* |

2

Benjamin A. Saidman
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
271 17th St. NW, Suite 1400
Atlanta, GA 30363
(404) 653-6510

Daniel C. Tucker
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
11955 Freedom Drive
Reston, VA 20190
(571) 203-2793

Dated: September 9, 2020