IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTUITIVE SURGICAL, INC. and INTUITIVE SURGICAL OPERATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AURIS HEALTH, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 18-1359-MN ) ) ) ) ) |

**[PROPOSED] ORDER**

This _____ day of _____, 2020, having reviewed Plaintiffs' ("Intuitive") Motion to Exclude and Strike Opinions and Testimony of Auris's Experts, Dr. Richard Hooper, Dr. Ron Alterovitz, and Elizabeth Dean, and Defendant's ("Auris") opposition thereto, and good cause having been shown; now therefore,

IT IS HEREBY ORDERED that Intuitive's Motion to Exclude and Strike Opinions and Testimony of Auris's Experts, Dr. Richard Hooper, Dr. Ron Alterovitz, and Elizabeth Dean is **GRANTED** and the Court excludes and strikes the following:

1. Dr. Hooper's opinion and testimony that is inconsistent with the Court's construction of the terms "end effector" and "surgical end effector" in U.S. Patent No. 8,142,447 ("the '447 patent") and U.S. Patent No. 6,522,906 ("the '906 patent") as provided in paragraphs 83-90, 219, 220, 222-231, and 233 of his Rebuttal Noninfringement Expert Report.

2. Dr. Alterovitz's opinion and testimony that the radial ultrasound probe used with the Monarch Platform in not the "imaging device" in U.S. Patent No. 9,452,276 ("the '276 patent"), which is inconsistent with and narrows the Court's construction of the term "imaging

device," as provided in paragraphs 348-353, 370, 378 of his Rebuttal Noninfringement Expert Report.

3. Dr. Hooper's opinion and testimony that relies on specification embodiments and inventor testimony to try to narrow the scope of "end effector mounting formation" in the '447 patent as provided in paragraphs 95-97 of his Rebuttal Noninfringement Expert Report;

4. Dr. Alterovitz's opinion and testimony regarding multiple terms in U.S. Patent No. 6,800,056 ("the '056 patent") that rely on specification embodiments and statements in the prosecution history to try to narrow the terms of the '056 patent. Specifically, opinions and testimony related to the terms:

    a. "guide" in all claims of the '056 patent as provided in paragraphs 539-40, and 627-28 of his Rebuttal Noninfringement Expert Report;

    b. ". . . to assume a selected shape along an arbitrary path" in all asserted claims of the '056 patent as provided in paragraphs 549-50, and 638-39 of his Rebuttal Noninfringement Expert Report;

    c. "unconstrained" / "slidably disposed without constraint" in all asserted claims of the '056 patent as provided in paragraphs 613-14, and 677-78 of his Rebuttal Noninfringement Expert Report;

    d. "configured to conform to . . . the selected shape assumed by the steerable distal portion [of the body]" in claim 14 of the '056 patent as provided in paragraphs 686-89, and 691 of his Rebuttal Noninfringement Expert Report; and

    e. "selectively maintain the selected shape assumed by the steerable distal portion [of the body]" in claim 14 of the '056 patent as provided in paragraph 701 of his Rebuttal Noninfringement Expert Report.

5. Dr. Alterovitz's opinion and testimony regarding multiple terms in the '056 patent that rely on inventor testimony to try to narrow the terms of the '056 patent. Specifically, opinions and testimony related to the terms:

    a. "guide" in all asserted claims of the '056 patent as provided in paragraphs 541-43, and 629-31 of his Rebuttal Noninfringement Expert Report;

    b. "unconstrained" / "slidably disposed without constraint" in all asserted claims of the '056 patent as provided in paragraphs 611-12, and 675-76 of his Rebuttal Noninfringement Expert Report; and

    c. "configured to conform to . . . the selected shape assumed by the steerable distal portion [of the body]" in claim 14 of the '056 patent as provided in paragraphs 690-91 of his Rebuttal Noninfringement Expert Report.

6. Dr. Hooper's opinion and testimony regarding the scope of "linkage of the input device … to define a manipulation in three dimensions" in claim 53 of the '906 patent as provided in paragraphs 201-05, 209, 214, and 216-17 of his Rebuttal Noninfringement Expert Report.

7. Dr. Hooper's opinion and testimony relying on the specification, inventor testimony, and operation of the Monarch Platform to narrow the scope of "the processor in the first operating mode effecting movement of the end effector in response to the manipulation of the input device, the processor in the second operating mode changing the displayed information in response to the manipulation of the input device" in claim 53 of the '906 patent as provided in paragraphs 253-61 of his Rebuttal Noninfringement Expert Report.

8. Dr. Hooper's opinion and testimony relying on incorrect legal standards, specifically the following:

    a. Dr. Hooper's opinion and testimony that claim 2 of the '447 patent

requires a "single user" to perform each step as provided in paragraphs 107-11 of his Rebuttal Noninfringement Expert Report; and

        b.      Dr. Hooper's opinion and testimony that claim 2 of the '447 patent requires an "end effector" as provided in paragraphs 81-90 of his Rebuttal Noninfringement Expert Report.

        9.      Ms. Dean's reliance on or repetition of J&J's witnesses' views of standard royalty rates in the industry as provided, at least, in paragraphs 164 (after the first sentence) & 165 of her Rebuttal Expert Report.

                                                                _____
                                                                United States District Judge